UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINCY RAHSAAN ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-01067 (UNA) |
| ) | |
| ) | |
| KIM BROWN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner appearing *pro se* is a state inmate who is awaiting sentence, and he is currently designated to Franklin County Corrections Center, located in Columbus, Ohio.  He has filed a petition for writ of habeas corpus ("Pet."), ECF No. 1, seeking relief pursuant to 28 U.S.C. § 2254, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  He challenges his conviction, entered on January 11, 2024, by the Franklin County Common Pleas Court, alleging that he suffered several constitutional violations, including infringement of his right to speedy trial and acts of prosecutorial misconduct.  *See* Pet. at 2–3, 6, 8–9, 11.  As a result, he demands that the court vacate his conviction.  *See id.* at 11.

Federal review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies.  28 U.S.C. § 2254(b)(1).  Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C. § 2241(d).

First, petitioner has, admittedly, not yet exhausted his state remedies. *See* Pet. at 3, 9. Indeed, he asserts that his direct appeal before the Ohio Court of Appeals is still pending. *See id*. Second, even if petitioner had exhausted his state remedies, he was convicted and sentenced in Ohio, and is also incarcerated there. *See id*. at 2. Consequently, after petitioner has exhausted his state remedies, he must file his § 2254 petition in the United States District Court for the Southern District of Ohio.

For these reasons, petitioner has no recourse in this District, and his petition will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate order accompanies this memorandum opinion.

Date:  May 22, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge